IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael Teal<br>1228 Kirby Street, N.W.<br>Washington, DC 20001,<br><br>     Plaintiff,<br>v.<br><br>District of Columbia and District of Columbia<br>Metropolitan Police Department Officers John<br>Doe 1-3,<br><br>     Defendants. | Civil Action No._____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Michael Teal, for his Complaint against Defendants the District of Columbia and District of Columbia Metropolitan Police Department ("MPD") Officers John Doe 1-3, alleges as follows:

### NATURE OF THE ACTION

1. This is an action for damages brought against Defendants pursuant to the Constitution of the United States, 42 U.S.C. § 1983, and the common law of the District of Columbia. While Plaintiff was in MPD custody on May 2, 2006, Police Officers John Doe 1-3 physically attacked him without cause or justification and then denied his repeated requests for medical attention. These actions directly and proximately caused Plaintiff severe physical, emotional and psychological injuries.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is founded on 28 U.S.C. § 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and adjudicate state law claims.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff Michael Teal is an individual residing at 1228 Kirby Street, N.W. Washington, DC 20001.

5. Defendant the District of Columbia is a municipal corporation that employs Police Officers John Doe 1-3.

6. Police Officers John Doe 1-3 are police officers employed by the District of Columbia. At all times relevant to this case, Police Officers John Doe 1-3 were acting under color of state law and within the scope of their employment with the District of Columbia. Police Officers John Doe 1-3 are each being sued in their individual capacities.

7. At all relevant times, the actions and conduct of all Defendants deprived Plaintiff Michael Teal of his constitutional, statutory and common law rights.

## FACTUAL ALLEGATIONS

8. On or about the evening of May 2, 2006, Plaintiff Michael Teal was in MPD custody and was being processed through central booking at 300 Indiana Avenue, N.W., Washington, D.C. 20001.

9. While Mr. Teal was being prepared for fingerprinting, and without cause or justification, Police Officers John Doe 1 and 2 physically attacked Mr. Teal and threw him to the ground.

10. Without cause or justification, Police Officers John Doe 1 and 2 held Mr. Teal on the ground while Police Officer John Doe 3 punched him in the face.

11. The assault by Police Officers John Doe 1-3 caused Mr. Teal severe physical injuries that required surgical repair. Mr. Teal's injuries have resulted in scarring and continue to cause him significant pain and a loss of sensation on the right side of his face. Mr. Teal also has suffered, and continues to suffer, psychological and emotional harm, pain and suffering. Some or all of these injuries may be permanent.

12. Following this assault, Mr. Teal repeatedly requested medical attention, but Police Officers John Doe 1-3 refused to provide him access to medical treatment of any kind. Mr. Teal's injuries have been diagnosed by a physician as requiring treatment and were so obvious that a lay person would easily have recognized the need for medical attention. Police Officers John Doe 1-3 acted with deliberate indifference to Mr. Teal's serious medical needs.

13. Mr. Teal's injuries are a direct and proximate result of the actions of all Defendants.

14. Mr. Teal's injuries resulted directly from unlawful, overt acts performed by Police Officers John Doe 1-3 pursuant to, and in furtherance of, an agreement and common scheme among them to participate in an unlawful act, or to participate in a lawful act in an unlawful manner.

15. Police Officers John Doe 1-3 acted willfully, deliberately, maliciously and with willful disregard of Mr. Teal's constitutional, statutory and common law rights. The conduct of Police Officers John Doe 1-3 was outrageous and reckless toward Mr. Teal's safety.

16. Defendants engaged in the aforesaid conduct for the purpose of violating Mr. Teal's constitutional rights by subjecting him to the unreasonable use of force.

17.    The actions of Police Officers John Doe 1-3, as well as Mr. Teal's injuries, resulted in part from Defendant the District of Columbia's negligence in hiring, training and supervising these officers.

## COUNT I

### FEDERAL CIVIL RIGHTS VIOLATIONS / 42 U.S.C. § 1983
### (Police Officers John Doe 1-3 in their individual capacities)

18.    Mr. Teal incorporates by reference paragraphs 1-17 as if set forth fully herein.

19.    By engaging in the aforesaid actions, all of which were committed under color of state law, Police Officers John Doe 1-3, deprived Mr. Teal of his rights to be free from the unreasonable use of force, to be secure in his person, to be free from unreasonable searches and seizures, to due process of law, and to be free from cruel and unusual punishment. As a result, Mr. Teal suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth, Fifth (and/or Fourteenth) and Eighth Amendments, and 42 U.S.C. § 1983.

20.    As a direct and proximate result of the acts of all Defendants, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against Police Officers John Doe 1-3 for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; (3) reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (4) any other and further relief as this Court may deem just and proper.

## COUNT II

## COMMON LAW ASSAULT (Police Officers John Doe 1-3 in their individual capacities)

21. Mr. Teal incorporates by reference paragraphs 1-20 as if set forth fully herein.

22. By engaging in the aforesaid actions, Police Officers John Doe 1-3 intentionally, maliciously and unlawfully attempted or threatened to do physical harm to Mr. Teal.

23. As a direct and proximate result of these actions, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against Police Officers John Doe 1-3 for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT III

## COMMON LAW ASSAULT (District of Columbia)

24. Mr. Teal incorporates by reference paragraphs 1-23 as if set forth fully herein.

25. In intentionally, maliciously and unlawfully attempting or threatening to do physical harm to Mr. Teal, Police Officers John Doe 1-3 acted within the scope of their employment with the District of Columbia and in furtherance of the District of Columbia's interests. Accordingly, the District of Columbia is liable for the aforesaid actions of Police Officers John Doe 1-3 under the doctrine of respondeat superior.

26. As a direct and proximate result of these actions, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for

(1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT IV

### COMMON LAW BATTERY (Police Officers John Doe 1-3 in their individual capacities)

27. Mr. Teal incorporates by reference paragraphs 1-26 as if set forth fully herein.

28. By engaging in the aforesaid actions, Police Officers John Doe 1-3 intentionally and maliciously caused a harmful or offensive bodily contact with Mr. Teal.

29. As a direct and proximate result of these actions, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against Police Officers John Doe 1-3 for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT V

### COMMON LAW BATTERY (District of Columbia)

30. Mr. Teal incorporates by reference paragraphs 1-29 as if set forth fully herein.

31. In intentionally and maliciously causing harmful or offensive bodily contact with Mr. Teal, Police Officers John Doe 1-3 acted within the scope of their employment with the District of Columbia and in furtherance of the District of Columbia's interests. Accordingly, the District of Columbia is liable for the aforesaid actions of Police Officers John Doe 1-3 under the doctrine of respondeat superior.

32.     As a direct and proximate result of these actions, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT VI

### NEGLIGENCE (Police Officers John Doe 1-3 in their individual capacities)

33.     Mr. Teal incorporates by reference paragraphs 1-32 as if set forth fully herein.

34.     By engaging in the aforesaid actions, Police Officers John Doe 1-3 deviated from the applicable standard of care, in willful disregard for Mr. Teal's rights.

35.     As a direct and proximate result of these deviations from the applicable standard of care, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against Police Officers John Doe 1-3 for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT VII

### NEGLIGENCE (District of Columbia)

36.     Mr. Teal incorporates by reference paragraphs 1-35 as if set forth fully herein.

37.     In deviating from the applicable standard of care, in willful disregard for Mr. Teal's rights, Police Officers John Doe 1-3 acted within the scope of their employment with the

District of Columbia and in furtherance of the District of Columbia's interests. Accordingly, the District of Columbia is liable for the aforesaid actions of Police Officers John Doe 1-3 under the doctrine of respondeat superior.

38. As a direct and proximate result of these actions, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Police Officers John Doe 1-3 in their individual capacities)

39. Mr. Teal incorporates by reference paragraphs 1-38 as if set forth fully herein.

40. By engaging in the aforesaid actions, Police Officers John Doe 1-3 engaged in extreme or outrageous conduct that intentionally or recklessly caused severe emotional distress to Mr. Teal.

WHEREFORE Mr. Teal demands judgment against Police Officers John Doe 1-3 for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT IX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (District of Columbia)

41. Mr. Teal incorporates by reference paragraphs 1-40 as if set forth fully herein.

42. In engaging in extreme or outrageous conduct that intentionally or recklessly caused severe emotional distress to Mr. Teal, Police Officers John Doe 1-3 acted within the scope of their employment with the District of Columbia and in furtherance of the District of Columbia's interests. Accordingly, the District of Columbia is liable for the aforesaid actions of Police Officers John Doe 1-3 under the doctrine of respondeat superior.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT X

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (Police Officers John Doe 1-3 in their individual capacities)

43. Mr. Teal incorporates by reference paragraphs 1-42 as if set forth fully herein.

44. By engaging in the aforesaid actions, Police Officers John Doe 1-3 placed Mr. Teal in a zone of physical danger that caused him to experience a reasonable apprehension of imminent bodily injury.

45. As a direct and proximate result of these actions, Mr. Teal suffered mental distress that was serious and verifiable.

WHEREFORE Mr. Teal demands judgment against Police Officers John Doe 1-3 for

(1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT XI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (District of Columbia)

46. Mr. Teal incorporates by reference paragraphs 1-45 as if set forth fully herein.

47. In placing Mr. Teal in a zone of physical danger that caused him to experience a reasonable apprehension of imminent bodily injury, Police Officers John Doe 1-3 acted within the scope of their employment with the District of Columbia and in furtherance of the District of Columbia's interests. Accordingly, the District of Columbia is liable for the aforesaid actions of Police Officers John Doe 1-3 under the doctrine of respondeat superior.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT XII

### CIVIL CONSPIRACY (Police Officers John Doe 1-3 in their individual capacities)

48. Mr. Teal incorporates by reference paragraphs 1-47 as if set forth fully herein.

49. Police Officers John Doe 1-3 entered into an agreement to violate Mr. Teal's constitutional, statutory and common law rights, as described in paragraphs 1-47. Moreover, by engaging in the aforesaid actions, Police Officers John Doe 1-3 committed unlawful overt acts pursuant to, and in furtherance of, that agreement.

50.    As a direct and proximate result of this agreement and these unlawful overt acts, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against Police Officers John Doe 1-3 for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT XIII

### CIVIL CONSPIRACY (District of Columbia)

51.    Mr. Teal incorporates by reference paragraphs 1-50 as if set forth fully herein.

52.    In agreeing to violate Mr. Teal's constitutional, statutory and common law rights and committing unlawful overt acts pursuant to, and in furtherance of, that agreement, Police Officers John Doe 1-3 acted within the scope of their employment with the District of Columbia and in furtherance of the District of Columbia's interests. Accordingly, the District of Columbia is liable for the aforesaid actions of Police Officers John Doe 1-3 under the doctrine of respondeat superior.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT XIV

## NEGLIGENT HIRING (District of Columbia)

53.     Mr. Teal incorporates by reference paragraphs 1-52 as if set forth fully herein.

54.     The District of Columbia deviated from the applicable standard of care in hiring Police Officers John Doe 1-3, in willful disregard for Mr. Teal's rights.

55.     As a direct and proximate result of these deviations from the applicable standard of care, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT XV

## NEGLIGENT TRAINING (District of Columbia)

56.     Mr. Teal incorporates by reference paragraphs 1-55 as if set forth fully herein.

57.     The District of Columbia deviated from the applicable standard of care in training Police Officers John Doe 1-3, in willful disregard for Mr. Teal's rights.

58.     As a direct and proximate result of these deviations from the applicable standard of care, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for

(1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## COUNT XVI

## NEGLIGENT SUPERVISION (District of Columbia)

59.     Mr. Teal incorporates by reference paragraphs 1-58 as if set forth fully herein.

60.     The District of Columbia deviated from the applicable standard of care in supervising Police Officers John Doe 1-3, in willful disregard for Mr. Teal's rights.

61.     As a direct and proximate result of these deviations from the applicable standard of care, Mr. Teal sustained severe physical, psychological and emotional injuries, as well as pain and suffering.

WHEREFORE Mr. Teal demands judgment against the District of Columbia for (1) compensatory damages in an amount to be determined by the jury; (2) punitive damages in an amount to be determined by the jury; and (3) any other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

62.     Mr. Teal hereby demands a trial by jury.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: *Kenneth J. Brown*
David E. Kendall
   (D.C. Bar # 252890)
Kenneth J. Brown
   (D.C. Bar # 486630)
John A. Ploumitsakos
   (D.C. Bar # 480132)

725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

*Attorneys for Plaintiff Michael Teal*

Dated: September 29, 2006