# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael Teal<br>1228 Kirby Street, N.W.<br>Washington, DC 20001,<br><br>  Plaintiff,<br><br>  v.<br><br>District of Columbia and District of Columbia<br>Metropolitan Police Department Officers John<br>Doe 1-3,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06-cv-1702-GK<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF MICHAEL TEAL'S OPPOSITION TO
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO STAY PROCEEDINGS**

Plaintiff Michael Teal brings this lawsuit against the District of Columbia ("the District") and three yet-to-be identified Metropolitan Police Department ("MPD") officers to redress severe physical injuries he sustained when these officers assaulted him while in MPD custody.  The District has responded by seeking an immediate stay of unknown duration while a federal criminal investigation into the assault on Mr. Teal is pending.  Such a stay would effectively prevent Mr. Teal from identifying the officers who assaulted him within the applicable statute of limitations, and would unreasonably delay Plaintiff's redress against his attackers.  Mr. Teal should be allowed to preserve his claims by identifying and serving the unidentified officers prior to any stay.  Afterwards, Mr. Teal would consent to a 90 day stay, which the District could seek to extend if appropriate.

**I.      BACKGROUND**

On May 2, 2006, three unidentified MPD officers assaulted Plaintiff without provocation while he was in custody at the District's central booking facility. This attack caused Mr. Teal severe physical injuries, for which he seeks redress in this lawsuit. Mr. Teal served his complaint on the District on October 5, 2006, and an answer was due by October 25, 2006. On the evening of October 25, 2006, the District requested Plaintiff's consent to a 30 day extension of time for answering the complaint. Plaintiff agreed, provided the District was willing to identify Officers John Doe 1-3. Plaintiff explained that there is a one year limitations period on his assault and battery claims, and that he must identify and serve the John Doe Defendants within that period. Plaintiff noted that these officers' identities are not publicly available. The District agreed to promptly provide this information, and the Court granted its consent motion for an extension, resetting the deadline for answering to November 24, 2006.

Although the District provided a log listing the last name and first initial of eight MPD officers who worked in central booking on the evening of May 2, 2006, it refuses to confirm which, if any, of these officers were involved in the assault on Mr. Teal. Nor, despite its November 24, 2006 deadline, has the District filed any responsive pleading that would allow this case to proceed toward discovery on this issue. Instead, on November 22, 2006, the District moved to immediately stay all proceedings pending the conclusion of a federal criminal investigation into the assault on Mr. Teal.[1]

The proposed stay would preclude Plaintiff from discovering the names of Officers John Doe 1-3 for an indeterminate period of time. Indeed, no indictments have been

---

[1]   The District appears to view this "criminal investigation" as including an additional 90 day internal investigation by the MPD following the issuance of a "letter of declination" by the United States Attorney. See Motion for Stay at 5-6. This view accentuates the unreasonableness of the District's requested stay.

2

issued in connection with this investigation, nor is it clear when the investigation might conclude. The Assistant United States Attorney ("AUSA") assigned to this matter says only that he "expects 'some movement in the case within ninety days.'" Motion for Stay at 2. The AUSA does not explain *what* movement we might expect in that period. As such, the District's proposed stay would threaten Mr. Teal's ability to identify his attackers within the applicable limitations period, and would unreasonably delay his redress against all Defendants.

## II.     THE PROPOSED STAY CREATES STATUTE OF LIMITATIONS PROBLEMS FOR PLAINTIFF.

The one-year limitations period for Plaintiff's assault and battery claims against Officers John Doe 1-3 will expire on May 2, 2007. See D.C. Code § 12-301(4). The D.C. Circuit has not addressed whether the substitution of actual defendants for John Does after that date would "relate back" to the date of Plaintiff's original complaint under Fed. R. Civ. P. 15(c), and other circuits are split on this issue. See Singletary v. Pa. Dep't of Corrs., 266 F.3d 186, 200-02 (3d Cir. 2001) (disagreeing with the majority view that amended complaints substituting actual defendants for John Does do not relate back to the date of the original complaint under Fed. R. Civ. P. 15(c)(3)).[2] Although Plaintiff believes that the relation back doctrine would apply to such an amended complaint, he is unwilling to risk a contrary holding by this Court or the D.C. Circuit. Mr. Teal must therefore identify and serve the officers who attacked him

---

[2]     At least two decisions of this Court have agreed with Singletary. See Jackson v. Dist. of Columbia, 1987 WL 16332, at *2 (D.D.C. Aug. 21, 1987) ("This Court finds that any amended complaint substituting the names of these two Officers for 'John Doe' and 'Richard Roe' would relate back to the date of the original complaint . . . ."); Fludd v. United States Secret Serv., 102 F.R.D. 803, 804 (D.D.C. 1984) ("[U]nder Rule 15(c) of the Federal Rules of Civil Procedure, the first amended complaint, which substituted the names of the four agents for "John Does I-IV" relates back to the date of the original complaint.").

within the one year limitations period to be certain of preserving his claims.[3]  The District's proposed stay, however, would likely preclude Plaintiff from timely discovering these officers' identities.  Accordingly, the District should be required to provide the names and addresses of these Defendants – either with or without a formal discovery request – prior to the imposition of any stay.

### III.    ANY STAY SHOULD BE LIMITED TO 90 DAYS.[4]

Plaintiff does not object to a limited, 90-day stay, provided he is first allowed to identify and serve Officers John Doe 1-3.[5]  The District, however, insists that the stay should be immediate and of unknown length, continuing until the completion of the criminal investigation into the assault on Mr. Teal.  It says it will give periodic updates (even though it is not conducting the investigation), see Motion for Stay at 2, placing the onus on Plaintiff to lift the

---

[3]    A tolling agreement would not alleviate this concern because the Attorney General's Office does not represent the Defendant officers and could not consent on their behalf.  Indeed, if the officers are charged criminally, the Attorney General's office would be conflicted out of representing them.  See Motion for Stay at 6.  And of course, Plaintiff cannot seek a tolling agreement directly from the officers because he does not know their identities.

[4]    The Court has broad discretion to decide whether and for how long to stay civil cases based on a pending criminal investigation.  See SEC v. Dresser Indus., 628 F.2d 1368, 1375 (D.C. Cir. 1980).  Here, a 90 day stay is appropriate based on the AUSA's estimate of "some movement" within that period.  Motion for Stay at 2.

[5]    Mr. Teal consents to such a limited stay despite the weakness of the District's argument for imposing any stay.  As the D.C. Circuit has observed, "[t]he civil and regulatory laws of the United States frequently overlap with the criminal laws, creating the possibility of parallel civil and criminal proceedings, either successive or simultaneous.  In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence."  Dresser Indus., 628 F.2d at 1374; see also State Farm Mutual Auto. Ins. Co. v. Beckham-Easley, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) ("[B]ecause the risk of self-incrimination is reduced at the pre-indictment stage, and because of the uncertainty surrounding when, if ever, indictments will be issued, as well as the effect of the delay on the civil trial, pre-indictment requests for a stay are typically denied.") (citations omitted).  Indeed, the case for staying civil proceedings is "a far weaker one" when "no indictment has been returned."  Dresser Indus., 628 F.2d at 1376; see also Barry Farm Resident Council, Inc. v. Dep't of Navy, 1997 WL 118412, at *3 (D.D.C. Feb. 18, 1997) (denying stay on the grounds that "no criminal indictments have been filed as yet").

stay. This is unreasonable. The District offers no assurance as to when the criminal investigation might conclude, or that any Defendant will ever be criminally prosecuted. Likewise, the AUSA directing the investigation has said only that he "expects '*some movement* in the case within ninety days.'" Id. (emphasis added). And of course, there is no risk that the District itself – i.e., the party seeking the stay – will be indicted.

Weighed against these concerns is Plaintiff's legitimate interest in obtaining prompt relief for the injuries he sustained from Defendants. See Motion for Stay at 5 (conceding that "plaintiff generally has an interest in prosecuting his civil action without delay"). As one court has observed, "parties who claim to have been victimized by frauds or other crimes are entitled to pursue their civil remedies, and it would be perverse if plaintiffs who claim to be the victims of the criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities." Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001). Plaintiff should not bear the burden of protecting his right to expedient relief – i.e., of lifting the stay – merely because his attackers *may* face criminal prosecution. Instead, the District should be required to show that an extension of the stay is warranted after 90 days.

For all of these reasons, the Court should deny the District's motion for a stay of unknown duration. Instead, once Plaintiff has identified and served Officers John Doe 1-3, this case should be stayed for 90 days from the date of the District's motion, i.e., until February 20, 2007.

## **CONCLUSION**

The Court should deny the District's motion for a stay of unknown duration, and instead should (1) permit Mr. Teal to identify and serve Officers John Doe 1-3; and then (2) stay this case until February 20, 2007.

Respectfully Submitted,

WILLIAMS & CONNOLLY LLP

By: _____/s/_____
  William E. McDaniels
    (D.C. Bar # 052373)
  Kenneth J. Brown
    (D.C. Bar # 486630)
  John A. Ploumitsakos
    (D.C. Bar # 480132)

725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

*Attorneys for Plaintiff Michael Teal*

Dated: December 4, 2006

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO STAY PROCEEDINGS was served via electronic case filing on this 4th day of December 2006, upon the following:

    Toni Michelle Jackson, Esq.
    Nicole L. Lynch, Esq.
    Office of the Attorney General for the District of Columbia
    441 Fourth Street, NW
    Washington, DC 20011


                 /s/
              Kenneth J. Brown
              D.C. Bar No. 486630