UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL TEAL, )<br>)<br>    Plaintiff, )<br>) Civil Action No. 06-1702 (GK)<br>    v. )<br>)<br>DISTRICT OF COLUMBIA, *et. al.,* )<br>)<br>    Defendants. )<br>_____ ) | |

## DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant District of Columbia, by and through undersigned counsel, respectfully requests that the Court reconsider its December 21, 2006 Order, which requires the District to waive the John Doe Officers' statute of limitations defense. The Court's Order is violative of the Rules of Professional Conduct and therefore will cause an extreme and undue hardship on the District of Columbia by requiring compliance with the Court's Order. Such relief is requested pursuant to Fed. R. Civ. P. 60(b)(6). A Memorandum of Points and Authorities in Support of this Motion and a proposed Order are attached hereto and incorporated by reference.

Respectfully submitted,

LINDA SINGER
Acting Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/
_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

                          /s/
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

## LOCAL RULE 7(m) CERTIFICATE

Undersigned counsel spoke by telephone with plaintiff's counsel, Kenneth J. Brown, but counsel was not able to obtain plaintiff's consent to the relief requested herein.

                          /s/
TONI MICHELLE JACKSON
Assistant Attorney General

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL TEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et. al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-1702 (GK) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION**

I.   INTRODUCTION

Plaintiff's Complaint alleges that on the evening of May 2, 2006, plaintiff was "physically attacked" and thrown to the ground by two unidentified Washington, D.C. Police Officers. Comp. ¶¶ 8-9. Plaintiff further alleges that he was "punched" in the face by John Doe 3 while John Doe 1-2 held him down. *Id.* ¶ 8. He further alleges that he suffered "severe physical injuries that required surgical repair," and have caused him "significant pain and a loss of sensation on the right side of his face." *Id.* ¶ 11. Plaintiff also alleges that he was denied medical attention for his injuries, and that some of those injuries are permanent. *Id.* ¶¶ 11-12.

On November 22, 2006, the District of Columbia requested a stay of proceedings, or alternatively a stay of discovery, until resolution of the criminal investigation in this matter by the United States Attorney's Office. The District reasoned that a stay would prevent severe prejudice to the District, since it cannot mount an

effective defense without its officers' testimony and because it is likely that the District will not represent the John Doe Officers.

Moreover, a stay would also prevent the John Doe Officers from having to choose between their Fifth Amendment privileges or the forfeiture of their defense in the civil suit. A stay is also appropriate because it will conserve the parties' resources and enhance judicial efficiency. Finally, a stay is appropriate because the public benefits by the criminal investigation and prosecution of alleged wrongdoing by the John Doe Officers.

On December 4, 2006, plaintiff filed an opposition to the District's Motion to Stay, indicating that he would agree to a 90 day stay if the John Doe Officers could be identified and served. On December 21, 2006, the Court granted the District's Motion to Stay, but conditioned the granting of the Motion on the District of Columbia waiving "any statute of limitations defense against Officers John Doe 1-3."

The District contends that this condition precedent is an "extreme and unexpected hardship" within the meaning of Rule 60(b)(6), and that performance of the condition would constitute a potential conflict of interest for the District of Columbia.

II.     ARGUMENT:

Rule 60 (b)(6) is intended for 'unusual and extraordinary situations justifying an exception to the overriding policy of finality.'" *Profitt, supra, 513 A.2d at 218* (quoting *Railway Express Agency, Inc. v. Hill, 250 A.2d 923, 925 (D.C. 1969)* (other citations omitted)); *Provident Sav. Bank v. Popovich, 71 F.3d 696, 700 (7th Cir. 1995)* (citations omitted). The availability of an adequate remedy prevents a claim that extraordinary circumstances exist or that the denial of relief from the judgment would present an

extreme hardship. *See Sawka, 989 F.2d at 140* (citations omitted) (stating that Rule 60 (b)(6) relief "may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur").

In this case, there is no adequate remedy to the ethical dilemma in which the District finds itself. The Court has placed the District in the untenable position of waiving any statute of limitations defense the John Doe Officers may have, in return for allowing the District to have a stay of the proceedings until the officers' criminal investigations are completed. Given that any waiver of the Officers' statute of limitations defense should come from their counsel, and undersigned counsel will likely not be representing these officers, the Court should not subject the District of Columbia to a conflict of interest by allowing the Order to stand.

Specifically, the Court's Order requires a potential violation of the Rules of Professional Conduct. They are Rule 1.3—Diligence and Zeal; Rule 1.4—Communication; Rule 1.7—Conflict of Interest; and Rule 1.16—Declining or Terminating Representation. Regarding Rule 1.3, that Rule states:

(a) A lawyer shall represent a client zealously and diligently within the bounds of the law.
(b) A lawyer shall not Intentionally:
   i. Fail to seek the lawful objectives of a client through reasonably available means permitted by the law and the disciplinary rules; or
   ii. Prejudice or damage a client during the course of the professional relationship.

R. Prof. Conduct, R. 1.3.

3

In this case, the Court's Order would require the District to violate Rule 1.3 because the Order requires the District to waive the statute of limitations defense for the John Doe Officers when the District has indicated that it does not represent the officers and will likely refuse to represent the John Doe Officers.

Rule 1.4 requires counsel to keep the client apprised of the status of the matter, and explain the matter to the client so that the client can make an informed decision. R.Prof.Conduct, R. 1.4(a). Again, the Court's Order causes a potential violation of affirmative duties owed to a client. Because the District does not represent these Officers, it cannot keep them apprised of the lawsuit, nor can the District counsel the Officers and ensure that they make an informed decision regarding their statute of limitations defense. In all likelihood, the John Doe Officers counsel will advise them against waiving the statute of limitations. So the Court has asked the District to act in a manner that is contrary to the John Doe Officers' interests.

Regarding Rule 1.7, the Rule states that "a lawyer shall not advance two or more adverse positions in the same matter." R. Prof. Conduct, R. 1.7(a). In the present case, undersigned counsel has already indicated to the Court that representation of the John Doe Officers is unlikely because of the criminal investigation and possible prosecution, and that counsel believes representation of the John Doe Officers is a potential conflict of interest.

Lastly, Rule 1.16 states that "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) [t]he representation will result in violation of the Rules of Professional Conduct or other law." R. Prof. Conduct, R. 1.16(a). The Court's Order requires undersigned counsel

4

and the District to waive a statute of limitations defense when it has already represented to the Court that it does not represent the John Doe Officers and will likely not represent them when they are identified and served. Therefore, undersigned counsel is unable to waive a defense for individuals she does not represent, and who may ultimately choose to not waive their statute of limitations defense.

### III.  CONCLUSION:

Based on the foregoing, and in order to reach a just resolution in the case at bar, Defendant respectfully requests that the Court reconsider its December 21, 2006 Order.

Respectfully submitted,

LINDA SINGER
Acting Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____/s/_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL TEAL, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-1702 (GK) |
| v. | ) |
| DISTRICT OF COLUMBIA, *et. al.,* | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of the Defendant District of Columbia's Motion for Reconsideration, the Memorandum of Points and Authorities In Support thereof, any opposition thereto, and the record herein, it is, by this Court this _____ day January, 2007;

ORDERED: that the Defendant District of Columbia's Motion for Reconsideration, shall be and the same is hereby **GRANTED**;

IT IS FURTHER ORDERED: that the requirement that defendants file a Praecipe waiving the statute of limitations defense for the John Doe Officers in the Court's December 21, 2006 Order is stricken.

_____
GLADYS KESSLER
United States District Judge