IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael Teal ) <br> 1228 Kirby Street, N.W. ) <br> Washington, DC 20001, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> District of Columbia and District of Columbia ) <br> Metropolitan Police Department Officers John ) <br> Doe 1-3, ) <br> ) <br>     Defendants. ) <br> ) | Civil Action No. 1:06-cv-1702-GK <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF MICHAEL TEAL'S OPPOSITION TO DEFENDANT
DISTRICT OF COLUMBIA'S MOTION FOR RECONSIDERATION**

Plaintiff Michael Teal brings this lawsuit against the District of Columbia ("the District") and three unidentified Metropolitan Police Department officers ("Officers John Doe 1-3") to redress severe injuries he sustained from an unprovoked assault by Officers John Doe 1-3 while in MPD custody. In lieu of answering Mr. Teal's complaint, the District sought an unconditional stay of unknown duration pending the conclusion of a federal criminal investigation into the attack on Mr. Teal. Mr. Teal consented to a stay of limited duration, provided it would not prevent him from identifying and serving Officers John Doe 1-3 within the applicable one-year limitations period.[1] See Pl.'s Opp'n to Def.'s Mot. at 1, 4. At all times, Mr. Teal's primary concern regarding the stay has been to ensure that he is not time-barred from seeking full redress from Officers John Doe 1-3 – whom the District still has yet to identify – for the injuries they inflicted on him.

---

[1] This period expires on May 2, 2007. See Pl.'s Opp'n to Def.'s Mot. at 3-4.

The Court acknowledged Mr. Teal's concern. In its Order of December 21, 2006 (the "Order"), the Court conditioned its entry of a stay on the District filing "a Praecipe no later than January 15, 2007, that it will waive any statute of limitations defense against Officers John Doe 1-3[.]" On January 16, 2007, however, the District moved the Court to reconsider this requirement, arguing that the Attorney General's office cannot waive any defense on behalf of Officers John Doe 1-3 because it does not represent them. Def.'s Mem. in Supp. of Mot. at 3-5.

Mr. Teal acknowledges that the Attorney General's office cannot waive the rights of individuals it does not represent. This does not mean, however, that Mr. Teal should lose the protection afforded by the Court's December 21, 2006 Order, as the District proposes. Instead, the stay – which should remain set to expire on March 30, 2007 – may be structured in any number of ways that would avoid the problem identified by the District and still address Mr. Teal's statute of limitations concern. For example:

- The Court may require the District to provide, no later than February 15, 2007 (or any other reasonable date), full identifying information (i.e., full names, badge numbers, and home addresses) for Officers John Doe 1-3, and to specify which officer is John Doe 1, which is John Doe 2, and which is John Doe 3. Mr. Teal would timely file and serve an amended complaint in April 2007, following the stay's expiration.

- Alternatively, the Court may enter a three-month stay effective as of the date Mr. Teal identifies and serves Officers John Doe 1-3. Of course, if the District is unwilling to provide this information, this would also require an order allowing limited discovery into the identities of these officers.

- Alternatively, the Court may order all proceedings herein stayed until March 30, 2007, ***except*** discovery concerning the identities of Officers John Doe 1-3 and filing and serving an amended complaint naming these officers.

These are merely illustrative examples; certainly, there are other ways in which an appropriate stay may be structured. Mr. Teal asks only that the Court continue to preserve his right to seek complete relief against the officers who assaulted him.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP


By: _____/s/_____
   William E. McDaniels
    (D.C. Bar # 052373)
   Kenneth J. Brown
    (D.C. Bar # 486630)

725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

*Attorneys for Plaintiff Michael Teal*

Dated: January 22, 2007

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of PLAINTIFF MICHAEL TEAL'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR RECONSIDERATION was served via electronic case filing on this 22nd day of January 2007, upon the following:

>Toni Michelle Jackson, Esq.
>Nicole L. Lynch, Esq.
>Office of the Attorney General for the District of Columbia
>441 Fourth Street, NW
>Washington, DC 20011

                                                                        /s/
                                               Kenneth J. Brown
                                               D.C. Bar No. 486630

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael Teal )<br>1228 Kirby Street, N.W. )<br>Washington, DC 20001, )<br>        )<br>        Plaintiff, )<br>    v.   )<br>        )<br>District of Columbia and District of Columbia )<br>Metropolitan Police Department Officers John )<br>Doe 1-3, )<br>        )<br>        Defendants. )<br>        ) | Civil Action No. 1:06-cv-1702-GK<br><br>JURY TRIAL DEMANDED |

**<u>ORDER</u>**

Upon considering Defendant the District of Columbia's Motion for Reconsideration ("the Motion") and Plaintiff Michael Teal's Opposition thereto, it is this ___ day of January 2007 hereby

ORDERED that the Motion is DENIED.

It is FURTHER ORDERED that, in lieu of waiving any statute of limitations defense on behalf of Officers John Doe 1-3, the District of Columbia shall, no later than February 15, 2007, provide Plaintiff with the full names, badge numbers, and home addresses of Officers John Doe 1-3, specifying which officer is John Doe 1, which is John Doe 2, and which is John Doe 3.

It is FURTHER ORDERED that the stay entered by the Court on December 21, 2006 is otherwise unchanged.

_____
Honorable Gladys Kessler
United States District Judge